## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**JOHN MICHAEL SPAUR**,

        Petitioner,

v.                                               **Civil Action No. 2:11-CV-90**
                                                  **Criminal Action No. 2:09-CR-09**
                                                  Judge Bailey

**UNITED STATES OF AMERICA**,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation (R&R) of United States Magistrate John S. Kaull [Civ. Doc. 11; Crim. Doc. 149], filed July 31, 2013. In that filing, the magistrate judge recommends that this Court deny petitioner John Michael Spaur's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 97], filed November 2, 2011.

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within 14 days of service, pursuant to 28 U.S.C. § 636(b)(1). The petitioner accepted service on August 2, 2013 [Civ. Doc. 12; Crim. Doc. 150] and timely mailed objections, which were

1

received by this Court on August 13, 2013 [Civ. Doc. 12; Crim. Doc. 151]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. **Background**

Insofar as Magistrate Judge Kaull has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. On October 1, 2010, the petitioner entered into a plea agreement where he agreed to plead guilty to one count of possession of equipment and chemicals to manufacture methamphetamine [Crim. Doc. 69]. The petitioner was sentenced on February 8, 2011 to 84 months imprisonment [Crim. Doc. 124]. The petitioner did not file a direct appeal.

On November 2, 2011, the petitioner filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [Civ. Doc. 1; Crim. Doc. 97]. The petitioner alleges ineffective assistance of counsel on the following grounds: 1) failure to file a written motion for a Guideline downward departure based on diminished capacity; 2) failure to file a written objection to the presentence report's recommendation of an upward adjustment for creation of a substantial risk of harm to human life and the environment; 3) failure to provide or discuss the petitioner's psychological report, discovery material, or the government's witness list for trial; 4) failure to discuss the presentence report with the petitioner; 5) counsel's promise of a specific sentence of probation; and 6) counsel's fraudulent billing for legal services.

The Government responded in opposition on September 6, 2012 [Civ. Doc. 8; Crim. Doc. 138] and on the same day filed a Motion to Dismiss [Civ. Doc. 9; Crim. Doc. 140] on the ground that the petitioner waived the right to collaterally attack his sentence when he pleaded guilty pursuant to a written plea agreement which contained a waiver of various

2

post-conviction rights [Id.].

Magistrate Judge Kaull filed the instant R&R on July 31, 2013 [Civ. Doc. 11; Crim. Doc. 149], recommending that this Court deny and dismiss the petitioner's § 2255 petition in its entirety. The petitioner timely objected [Civ. Doc. 12; Crim. Doc. 151].

## III. Discussion

### A. Ineffective Assistance of Counsel Standard

To establish a claim for ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964). In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice. **Lafler v. Cooper**, 132 S. Ct. 1376, 1384 (2012).

### B. *De Novo* Review

In his objections, the petitioner challenges Magistrate Judge Kaull's recommendation that the petitioner failed to meet the two prongs of **Strickland** to demonstrate any claims of ineffective assistance of counsel. Specifically, the petitioner claims that his counsel "plainly lied to the Court" when counsel stated that he had reviewed the presentence investigation report with the petitioner [Civ. Doc 12; Crim. Doc. 151 at 1]. The petitioner points to counsel's itemized bill for services and to jail records as proof that between October 18, 2010 and February 8, 2011, his counsel, Mr. Morgan, never contacted him in person or by phone [Id. at 2]. The petitioner asks the Court "to disregard any testimony at any time given by Mr. Morgan" [Id. at 3]. Next, the petitioner reiterates his claim that his counsel was ineffective for failing to object to an enhancement for creating a substantial

3

risk of harm to human life or the environment. This Court will review those recommendations in turn *de novo.*

### 1. Counsel's Discussion of the Presentence Investigation Report

The petitioner claims that the magistrate judge's findings that petitioner's counsel discussed the presentence investigation report (PSR) with him is "based . . . on false testimony by Mr. Morgan." [Civ. Doc 12; Crim. Doc. 151 at 2]. The petitioner states that that his allegations "are consistent with the testimony of the itemized bill from my lawyer, Mr. Morgan, and jail records that show that Mr. Morgan never had any contact with me after I received the PSI and until February 8, 2010 by phone or in person." [Id.]. The petitioner claims the following regarding the PSR:

> I received [the PSR] on or about November 13 [2010] and 6 days later I was in hospital in coma, then taken directly to North Central Regional Jail, then later to Tygart Valley Regional [Jail] where I remained until sentencing on February 8, 2010 [sic]. On page 9 & 10 of Mr. Morgan's itemized bill, it shows that from October 18 until February 8, 2011 Mr. Morgan had no contact with me in person or by phone. The testimony of the bill, which is detailed, swears to the truth of my allegations.

[Id.]. The petitioner also claims that the hospital visitation logs, regional jail visitation logs, and phone call records verify the petitioner's claims that Mr. Morgan never met with him in person or by phone [Id.], although the petitioner does not attach any such records.

During the petitioner's sentencing hearing, the Court asked the petitioner if he received the PSR and reviewed it with his lawyer. The petitioner asserted that his counsel never sat down with the petitioner to review the presentence report [Crim. Doc. 124 at 3–7]. As discussed by the magistrate judge in his R&R, this Court heard at length from the defendant at sentencing and there accepted counsel's representation of having gone over the presentence investigation report. After the petitioner claimed that he had not reviewed the PSR with his attorney, his attorney stated:

4

> Your Honor, we discussed the objections that I was raising to the— to the Presentence Report. [The petitioner] advised me that everything in it was accurate as far as he knew and that he didn't see any additions or corrections needed to be made to it. And I advised him of what objections I was raising to it and we even discussed at some length, how the sentencing guidelines works. He indicated to me an understanding of it . . .

[Id. at 3]. The petitioner then added:

> Well, here's the thing of it, that's misleading. I mean, we just talked out here in this little booth out here and he asked me if—if—if I had any objections to it or he had—objections he had made. I told him no, but the whole truth of the matter is, if we had set down and went over this report together maybe I could have added something to that.

[Id.]. The petitioner then described other issues he was having with his case and his attorney, unrelated to reviewing the PSR. Afterwards, the Court accepted counsel's representation of having gone over the PSR [Id. at 5]. The petitioner has provided no information to compel the Court to depart from its earlier determination.

Even if the Court were to find, which it does not, that petitioner's counsel was deficient, the petitioner has not established that he suffered prejudice from the error. The petitioner had a total offense level of 26 and a Criminal History Category of V [Doc. 124 at 12]. The sentencing guidelines call for incarceration of 110 to 120 months. The Court granted a three-level downward variance [Id. at 24] and sentenced the petitioner to a term of 84 months [Id. at 20]. The petitioner has not identified any information contained in or missing from the PSR that would have resulted in a different sentence. Additionally, he has not shown that but for the alleged error he would have moved to withdraw his plea and proceeded to trial. Therefore the petitioner is not entitled to relief on this claim.

Accordingly, the petitioner's objections are hereby **OVERRULED** to the extent that they relate to petitioner's assertion that his counsel did not review the presentence investigation with the petitioner.

### 2. Enhancement for Creation of Substantial Risk of Harm to Human Life or the Environment

The petitioner contends that counsel was ineffective for failing to file a written objection to the PSR's recommendation of an upward adjustment for creating a substantial risk of harm to human life and the environment. The magistrate judge found that the petitioner "failed to provide clear and convincing evidence" for the claim. In his objections, the petitioner contests the magistrate judge's finding.

The petitioner cites United States Sentencing Guideline (U.S.S.G.) § 2D1.1, Application Note 20, which identifies factors that a sentencing court is required to assess in determining whether an offense created a substantial risk of harm to human life or the environment. The petitioner contends that there was no substantial risk of harm to human life or the environment for the following reasons: 1) his residence, the location of the possession, "is located on 17 acres not in a residential neighborhood where homes are 15 feet apart;" 2) he only possessed one bottle of Iso Heet in its original container and one can of starter fluid in its original container, in the same manner as they would be found on store shelves; 3) the police did not have a hazardous waste disposal team come to the home, therefore the police "must not have thought there was a substantial risk to them or anyone in the immediate vicinity." [Civ. Doc. 13; Crim. Doc. 151 at 3]. The petitioner also attaches **United States of America v. Harris**, 269 Fed. Appx. 288 (4th Cir. 2008), which held that the Sentencing Guidelines prohibit the district court from reaching the automatic conclusion that in every instance in which methamphetamine is "cooked", there is a substantial risk of harm to human life and the environment.

"[C]ounsel is not *per se* ineffective merely because he failed to file a particular motion allowed under the rules of criminal procedure." **United States v. Tart**, 877 F.2d 61 (4th Cir. 1989). The Sentencing Guidelines Manual in effect at the time of petitioner's sentencing provides for a three-level increase in the offense level if the offense involved

6

the manufacture of methamphetamine and the offense created a substantial risk of harm to human life or the environment. U.S.S.G. § 2D1.1(b)(10)(C)(ii). The relevant application note requires the Court to consider the following factors:

> (I) The quantity of any chemicals or hazardous or toxic substances found at the laboratory, and the manner in which the chemicals or substances were stored.
>
> (II) The manner in which hazardous or toxic substances were disposed, and the likelihood of release into the environment of hazardous or toxic substances.
>
> (III) The duration of the offense, and the extent of the manufacturing operation.
>
> (IV) The location of the laboratory (e.g., whether the laboratory is located in a residential neighborhood or a remote area) and the number of human lives placed at substantial risk of harm.

U.S.S.G. § 2D 1.1, Application Note 20. While a Court must consider all of the factors, it need not find that all are met in order to apply the enhancement. ***United States v. Williams***, 514 F. App'x 379, 385 (4th Cir. 2013).

The PSR as to the petitioner's case, filed February 8, 2011, discussed the four factors that need to be considered when applying § 2D1.1(b)(10)(C)(ii). The PSR remains under seal, but the information contained therein refutes the petitioner's claims that there was no substantial risk to human life or the environment.

Although the petitioner claims that because the residence is located on "17 acres not in a residential neighborhood," this is insufficient to find that there was no substantial risk of harm. Three other individuals were in the residence when officers entered, and the petitioner's mother also lives in the residence. These facts weigh strongly in favor of finding the fourth factor, that the petitioner placed a number of human lives at substantial risk of harm.

The petitioner next claims he possessed only "one bottle of Iso-Heet" and one can or starter fluid in its original container. However, the PSR lists a number of additional chemicals or hazardous or toxic substances that were recovered from the defendant's residence.

The petitioner's third claim is that because the police did not have a hazardous waste disposal team come to the home, the police "must not have thought there was a substantial risk to them or anyone in the immediate vicinity." The Court is unpersuaded by this argument. Although the need for a hazardous waste disposal team would weigh in favor of finding the enhancement for substantial risk of harm, it is not necessary to support a finding that there was a substantial risk.

Therefore, the petitioner has failed to show that counsel was ineffective in failing to object to the application of U.S.S.G. § 2D1.1 to petitioner's sentencing, or that the alleged error prejudiced the petitioner in the outcome of the proceeding. Accordingly, the petitioner's objections are hereby **OVERRULED** to the extent that they relate to the petitioner's assertion that his counsel was ineffective for failing to object to a substantial risk enhancement.

## IV.     Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 11; Crim. Doc. 149]**, should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the United States' Motion to Dismiss **[Doc. 9]** is **GRANTED**, petitioner's Objections **[Civ. Doc. 12; Crim. Doc. 151]** are **OVERRULED**, and petitioner's Motion to Appoint Counsel and Motion for Hearing **[Crim. Doc. 143]** is **DENIED AS MOOT**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 97]** is hereby **DENIED** and **DISMISSED WITH**

**PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 16, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE